**KMART CORPORATION,
et al., Plaintiffs,**

v.

**RIVERA–ALEJANDRO ARCHITECTS
AND ENGINEERS, et al.,
Defendants.**

**Civil No. 96–1455(SEC).**

United States District Court,
D. Puerto Rico.

July 22, 1997.

Miguel R. Garay–Auban, Trias, Acevedo & Otero, San Juan, PR, Mark W. Phillips, Robins, Kaplan, Miller & Ciresi, Atlanta, GA, for Kmart Corp., Protection Mut. Ins. Co.

Carlos E. Jimenez–Torres, San Juan, PR, for Rivera–Alejandro Architects and Engineers.

Harold D. Vicente–Gonzalez, Vicente & Cuevas, Fernandez Juncos Sta Santurce, PR, for Ingenieros & Proyectistas Inc., Contratistas Generales.

Marta Quinones–de–Torres, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for John W. Hancock, Jr., Inc., Cigna Ins. Co.

Francisco E. Colon–Ramirez, San Juan, PR, Francisco J. Colon–Pagan, San Juan, PR, for Structural Steel Works, Inc.

Francisco J. Colon–Pagan, San Juan, PR, for Structural Steel Manufacturing, Inc.

Jose E. De–la–Cruz–Skerrett, San Juan, PR, for Atlas Roofing Contractors, Inc.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is John W. Hancock, Jr., Inc. ("JHJ")'s motion to dismiss

(Docket # 31), which Kmart Corporation ("Kmart") duly opposed. (Docket # 35). JHJ contends that the complaint should be dismissed for failure to join Frigorífico Almacén Pérez Hermanos, Inc. ("Pérez Hermanos"), an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure. Defendant further maintains that Kmart failed to state a claim upon which relief could be granted because the claim for damages belongs exclusively to Pérez Hermanos, both the owner of the building and the party that sustained damages from the collapse of the roof. In the alternative, JHJ argues that even if plaintiff did sustain damages, the complaint nevertheless fails to state a claim upon which relief could be granted because JHJ is not a "contractor" under Article 1483 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4124, and thus cannot be liable to plaintiff.

Kmart counters such arguments by asserting that since it was contractually obligated to repair the roof at its own expense,[1] it was she, and not Pérez Hermanos, who suffered the damages caused by the collapse of the roof. Plaintiff additionally contends that the complaint states a valid claim because, as the pre-fabricator of the joists used in the construction of the roof of the building, JHJ is a "contractor" under article 1483, and is thus liable for the damages claimed in the complaint.

Upon careful examination of the parties' allegations as well as the applicable law, the Court finds that JHJ's motion to dismiss (Docket # 31) should be **DENIED**.

## Factual Background

Pérez Hermanos entered into a contract with Ingenieros & Proyectistas Contratistas Generales ("I & P") and Rivera–Alejandro Architects and Engineers ("Rivera–Alejandro") for the construction and design of a building for a Kmart store. In furtherance of this contract, I & P purchased certain girders or joists from JHJ for use in the construction of the building. Kmart was not a party to the construction and design agreement entered between Pérez Hermanos, I & P and Rivera–Alejandro.

Kmart occupied the building on August 18, 1993, subject to its lease agreement with Pérez Hermanos. The lease agreement between Kmart and Pérez Hermanos required Kmart to repair, at its own expense, any damages the building sustained due to fire or any other casualty during the term of the lease. (Docket # 35, Exhibit A) On April 15, 1995, approximately 4,000 square feet of the roof of the Kmart store in Cayey collapsed after a heavy rainfall. The partial collapse of the roof damaged the Kmart store and some of its inventory. Consequently, Kmart, abiding by its contractual obligations with Pérez Hermanos, repaired the roof of the store at its own expense.

On April 11, 1996, Plaintiff filed the instant complaint to recover the cost of repairing the roof and lost inventory. Kmart held I & P, Rivera–Alejandro, and JHJ liable for the damages it sustained as a result of their negligent construction of the store. The complaint held I & P responsible for their negligent construction of the building, including their failure to properly slope the roof. It also held Rivera–Alejandro responsible for the negligent design of the roof itself. Plaintiff also alleged that the joist which JHJ manufactured for the construction of the roof contained defective welds that were the proximate cause of the collapse of the roof. On January 17, 1997, JHJ filed the above-mentioned motion to dismiss, which is the subject of this order.

## Motion to Dismiss Standard

Rule 12(b)(6) motions must be examined in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a plaintiff to assert "a short and plain statement of the claim showing that [it] is entitled to relief." 5A Wright & Miller, *Federal Practice & Procedure* § 1356 (2nd ed 1990).

---

1. Plaintiff attached the lease contract to its motion to dismiss. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts have held that the Court may review documents "the authenticity of which [is] not disputed by the parties" without convening the motion into one for summary judgment. *Watterson v. Page,* 987 F.2d 1 (1st Cir.1993). Given that defendant has not disputed the authenticity of the document submitted by plaintiff, we will consider the motion as one to dismiss, under Rule 12(b)(6).

It has been argued that "only when the pleading fails to meet this liberal standard is it subject to dismissal under Rule 12(b)(6)." *Id.* Given the foregoing standard, in examining a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff and assume that its allegations are true, drawing all reasonable inferences in plaintiff's favor. *Correa–Martinez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990).

Courts have considerable discretion, under the liberal pleading standard of the Federal Rules of Civil Procedure, to decide when a complaint is formally insufficient and thus, subject to dismissal. Although the Court will not credit bald assertions or mere specious allegations, it will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991).

**Applicable Law/Analysis**

*A. Rule 19/Indispensable Party*

 It is well settled law that the party moving for dismissal for failure to join an indispensable party must show the need to join the absent party. *McCann v. Ruiz,* 788 F.Supp. 109, 121 (D.P.R.1992). Consequently, we must engage in an analysis pursuant to Rule 19 to determine whether Pérez Hermanos is an indispensable party as defendant claims.

In *Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132 (1st Cir.1989), the First Circuit provided a cogent explanation of the appropriate "indispensable party" analysis under Rule 19. The Court explained that: "Rule 19(b), which governs indispensable parties, works in two steps. Step one requires the district court to decide whether a

person fits the definition of those who should 'be joined if feasible' under Rule 19(a). That is to say, is the person (what used to be called) a 'necessary' party? *See Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968)." *Id.* at 134. Once the Court determines that the person under scrutiny is a necessary party (i.e. fits the definition of Rule 19(a), but joinder is not feasible) it must inquire whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." That is to say, it must determine whether the party is indispensable under Rule 19(b). *Pujol,* 877 F.2d at 134.

With this in mind, we proceed to engage in the indispensable party analysis pursuant to Rule 19(a).[2] Federal Rule of Civil Procedure 19(a) requires the Court to join a person in a legal proceeding, when feasible, (1) if in the person's absence complete relief cannot be accorded among those already parties, or (2) if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

Defendant argues in its motion to dismiss that, according to *Wang Laboratories Puerto Rico, Inc. et al. v. F & R Construction Corp. et. al.,* 94 J.T.S. 90, "the owner of the building is the most clearly legitimate plaintiff in construction defect cases."(**docket # 31**) This is only true, however, when the owner of the building is the one that suffers the damages. In fact, the Court in *Wang Laboratories* also noted that the language of article 1483 does not limit the compensatory action for damages to the owner of the building, and that

**2.** According to Wright, Miller and Kane:

"[t]here is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prej-

udicial effect of deciding the case without them. Account also must be taken of whether other alternatives are available to the litigants. By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases ..." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, § 1604, p. 40.

this provision can be invoked by anyone who suffers from its violation. Consequently, Kmart, who incurred the cost of repairing the building, has standing to sue under article 1483. Rule 19(a)(1) thus counsels against dismissal in the instant action, since complete relief may be awarded to plaintiff Kmart at the federal proceeding for its own damages independently of whether Pérez Hermanos is or isn't a party to this action.

Rule 19(a)(2) also counsels in favor of the exercise of federal jurisdiction. Plaintiff argues, and this court agrees, that the absence of Pérez Hermanos from this litigation will not impair or otherwise impede its ability to protect its own interests. Pérez Hermanos clearly does not have an interest related to the controversy at hand. It was, after all, Kmart who repaired the building at its own expense. But even assuming, *arguendo*, that Pérez Hermanos could claim an interest in future proceedings, the mere abstract possibility of future litigation by Pérez Hermanos is not sufficient to make it a necessary party. More importantly, the disposition of the action in Pérez Hermanos' absence would not create a substantial risk of multiple and inconsistent obligations upon defendants. Thus, given that Pérez Hermanos is not a necessary party pursuant to Rule 19(a)(2), we need not delve into a 19(b) analysis at the present time.

■ Accordingly, the Court finds that, taking into account the paramount principles of fairness and efficiency that propel our Rule 19 analysis, complete relief may be awarded to plaintiff at the federal proceedings for its own damages regardless of whether Pérez Hermanos is or not a party in this action. Defendant's motion to dismiss under Fed.R.Civ.P. 19 is hereby **DENIED.**

### B. Application of Rule 12(b)(6) to Facts

Defendant argues that the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) because it was Pérez Hermanos (the owner), who suffered the damages as a result of the collapse of the roof, and not plaintiff Kmart (the lessee). Consequently, JHJ alleges that Kmart did not sustain any injury upon which relief can be granted.

Plaintiff counters that it was Kmart, and not Pérez Hermanos, who incurred in the costs to repair the damaged roof, and that therefore, Kmart is the injured party. Furthermore, it maintains that the lease contract between Kmart and Pérez Hermanos required Kmart to repair any damage to the building during the term of the lease; in other words, that it enabled Kmart to act as the owner of the building for the time leased.

■ Under Fed.R.Civ.P. 12(b)(6), "dismissal is appropriate 'only if it clearly appears, according to the alleged facts, that the plaintiff cannot recover on any viable theory.'" *Heno v. F.D.I.C .,* 996 F.2d.429, 435 (1st Cir.1993). The rule only requires that the complaint be construed in the light most favorable to the plaintiff and that the Court assume that its allegations are true, drawing all inferences in plaintiff's favor. *Correa–Martinez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990). Accordingly, since we must assume all of plaintiff's allegations to be true, we find that Kmart did suffer an injury for which it has a right to be compensated.

Notwithstanding the foregoing, defendant further argues that even if Kmart sustained damages, the complaint fails to state a claim because JHJ is not a "contractor" under article 1483 of Puerto Rico's Civil Code, 31 L.P.R.A. § 4124, and is therefore not liable to plaintiff. Since JHJ's liability is predicated on article 1483, the remaining question is whether the "joists" pre-manufactured by JHJ constitute a "building" under article 1483. If they do constitute a "building", it follows that JHJ, as the pre-fabricator of the "joists", is a "contractor" under article 1483.

Article 1483 provides as follows:

The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.

In *Federal Insurance Company v. Dresser Industries,* 111 D.P.R. 96 (1981), the Puerto Rico Supreme Court included under the term "building" objects such as elevators, plumbing and similar installations, whether constructed by others or not, when they are important features of the work and they are permanently incorporated to the building by the contractor. Conversely, the Court excluded from the boundaries of the ten year liability "the installation of refrigerators, dishwashers and other appliances which are not built into the building in such an intimate and permanent way nor are directly related to the building itself." *Id.* at 103 The liability of the contractor is thus extended to the installations of movable goods which are permanently incorporated or directly related to the building itself. *Id.*

Following this trend, the Supreme Court in *Fantauzzi v. Pleasant Homes Inc.,* 113 D.P.R. 132 (1982), reiterated that the term "building" has a "far reaching meaning and includes those accessory constructions that are directly related to the building and intimately and permanently attached to the same." *Id.* at 135. It further held that the primary factor to be taken into consideration when defining a "building" is whether or not the pre-fabricated part is built into the building in an intimate and permanent way so that it remains within the structure of the building for a long period of time.[3] Thus, it concluded that, when defining the term "building", the size or magnitude of the pre-fabricated part did not weigh as much as the nature of the pre-fabricated part.

For purposes of the present motion, the Court assumes that the purpose of a joist is to prevent the roof from collapsing; and that it is situated intimately and permanently within the structure of the building for a long period of time. The building's roof thus depends on the reliability of the joist in order to avoid a collapse which could endanger the public safety, or could cause considerable damage to the owner or tenant, as it happened in the present case. Consequently, although a joist is not a major construction in itself, as for example an elevator or a chalet-

terrace, it is nevertheless a construction that falls within the boundaries of the definition of a "building" when installed permanently within the structure of the building.

In *Fantauzzi,* 113 D.P.R. 132, the Court established that a pre-fabricator who pre-fabricates a "building" is considered a "contractor" for purposes of article 1483. In reaching its conclusion, the Court considered various definitions of the "contractor" under article 1483. A quote from the Spanish commentator J. Herrera Catena is of particular relevance to the case at bar:

We already said that a "pre-fabricator" should be considered as a "constructor" in the broad sense of the word, insofar as the work of the constructor *strictu sensu* would be only to assemble the "prefabricated" parts, without submitting them to further processes. Therefore, when we deal with intrinsic defects in the "prefabricated" parts, liability should be imposed on the "pre-fabricator," specially when the prefabrication has many important advantages, among which there is the special "ease to assure quality control"; since "the industrial process fosters and strongly recommends the tendency to corroborate quality standards," and "the systematic repetition" of the same "facilitates the adoption of different kinds of control." In short, "prefabrication" is a "preconstruction," transferred from the working site to the factory, that may be performed in better conditions than at the very construction site, and for which reason it would be unfair to hold the contractor —who has nothing to do with it— liable, if he has dutifully assembled the prefabricated parts. It is hard to verify *a priori* precisions on this particular, although we may indicate the following: that the work and liabilities of the contractor and the prefabricator shall depend on the measure to which the construction was "prefabricated"; that the contractor shall not be released if he failed to comply with rules regarding the possible control of the "prefabricated" parts, and that (the contractor's) "on-site elaboration" of compound mate-

---

**3.** The word "intimate" is defined as "pertaining to, or characteristic of the inmost or essential nature; intrinsic." *Random House Unabridged Dictionary,* 2d. Ed., 1993.

rials is a different hypothesis. II Herrera Catena, *Responsabilidad en la Construcción,* 200–201, Gráficas del Sur, Granada (1977).

Taking this one step further, we must thus conclude that if the prefabricated part endangers the firmness or stability of the building because of its intrinsic defects, the ten year liability should be implemented.

■ For purposes of this motion, we hold that the prefabricated joists in the present case affected the stability of the Kmart store roof, and that its intrinsic defects may have been the primary cause of the roof's collapse. Since the prefabricated joist is a "building" for purposes of article 1483, the pre-fabricator of the joist, JHJ, must be considered a contractor under article 1483, and thus may be liable for the damage caused to the building.

Based on the foregoing, the Court concludes that, viewed in the light most favorable to plaintiff, the complaint alleges sufficient facts to support a viable theory of recovery under Fed.R.Civ.P. 12(b)(6). Thus, defendant's motion to dismiss is hereby **DENIED.**

**SO ORDERED.**