HAPAG–LLOYD CONTAINER LINIE, GMBH, et al., Plaintiff,

v.

LUIS A. AYALA COLON SUCRS., INC.; American International Insurance Company, et al., Defendants.

Civil No. 00–2599 (JAG).

United States District Court, D. Puerto Rico.

July 30, 2002.

Juan R. Rivera–Morales, Jimenez, Graffam & Lausell, San Juan, PR, for plaintiff.

Ian P. Carvajal–Zarabozo, Saldana & Carvajal, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

The Plaintiff, Hapag–Lloyd Container Linie, Gmbh, (hereinafter, "Hapag–Lloyd") brought this action against Defendants Luis A. Ayala Colón (hereinafter, "Colón") and American Insurance Company of Puerto Rico (hereinafter, "AIG") (collectively, "Defendants") pursuant 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Presently before the Court is AIG's Motion to Dismiss (Docket No. 5) and Motion to Stay (Docket No. 13). For the reasons stated below, the Court denies both motions.

### FACTUAL BACKGROUND

Hapag–Lloyd and Colón entered into a contractual agreement entitled New Caribbean Service Terminal Contract (hereinafter, "the Terminal Contract"), wherein Colón was hired for the loading and caring of cargo from Hapag–Lloyd. In September of 1999, Hapag–Lloyd transported two pieces of heavy machinery (hereinafter, "cargo") from Hamburg, Germany to Ponce, Puerto Rico. On September 21, 1999, the cargo was discharged in Ponce. Colón, as the terminal-operator, undertook the task of moving the cargo. While the cargo was being lifted, the chassis tipped over, causing the machinery to fall and sustain damages. The shipper Forskrringsatieselskapet Allianz Nordeuropa (hereinafter, "cargo owner") presented a claim against Hapag–Lloyd for the damage sustained by the machinery. Hapag–Lloyd requested Colón to assume adjustment and payment on the loss. Colón refused. As a result of the failure of Hapag–Lloyd and Colón to reach an agreement, the cargo owner brought suit against Hapag–Lloyd in the District Court of Hamburg, Germany. On December 20, 2000, Hapag–Lloyd filed the present suit against Colón and AIG to recover monetary damages.

On March 8, 2001, Co–Defendant AIG filed a Motion to Dismiss alleging that the cargo

---

1. Mario A. Arroyo, a third year student at Tulane Law School, assisted in the research and preparation of this opinion.

owner is an indispensable party that should have been joined in the proceedings. On April 10, 2001, the German District Court found that Hapag–Lloyd was liable to the cargo owner for losses in the amount of $9000.00 and other charges for costs and attorney fees. On July 12, 2001, AIG filed a Motion to Stay until all appeals pending before the German Courts have been exhausted.

## DISCUSSION

### Motion to Dismiss Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting her best foot forward in an effort to present a legal theory that will support her claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Moreover, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

A case will be dismissed if there is an absent party under F.R.C.P. Rule · 19(b), without whom complete relief cannot be granted, or whose interest in the dispute is of such nature that to proceed without that party could prejudice either that party, or others. When a F.R.C.P. Rule 12(b)(6) Motion is filed and an indispensable party question is raised, the Court will apply first the standard of F.R.C.P. Rule 19(a) to determine whether the party is necessary and, if so, wether the party is so indispensable that under the curtain of F.R.C.P. Rule 19(b) the action must be dismissed. *Boulevard Bank National Association v. Philips Medical Systems International,* 15 F.3d 1419, 1422 (7th Cir.1994); *De Wit v. Firstar Corp.,* 879 F.Supp. 947, 991–92 (N.D.Iowa 1995).

### Cargo Owner as an Indispensable Party

Defendants have expressly accepted that the cargo owner is not an indispensable party to this case. "AIG agrees with Plaintiff that the issuance of a Judgement [sic] in the German courts defeats any argument for lack of indispensable party." [2] *See* (Reply to Opposition to Motion to Dismiss for Lack of an Indispensable Party, Docket No. 13 at 2). This admission renders moot AIG's arguments based on lack of an indispensable party. Dismissal therefore is not justified at this stage of the proceedings, even though there are some pending appeals before the German Courts.

Even if AIG had not accepted that the cargo owner was not an indispensable party to this case however, the motion to dismiss would have been denied because the cargo owner is not an indispensable party without which the action could not go forward.

The question of whether the cargo owner is an indispensable party is governed by F.R.C.P., Rule 19. This is a two prong inquiry. First, the party must be a necessary party under Rule 19(a), *Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 n. 2 (1st Cir. 1998), and then it must be found to be an indispensable party under Rule 19(b).

Rule 19(a) requires the Court to join a person in a legal proceeding, when feasible, (1) if in the person's absence complete relief cannot be accorded among those already parties, or (2) if the person claims an interest relating to the subject of the action and is so

---

**2.** "If Hapag–Lloyd had advised AIG of the issuance of the Judgment, AIG would have withdrawn its Motion to Dismiss and saved the Court, and the parties valuable time and expense." (Docket No. 13 at 2).

situated that the disposition of the action in the person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. F.R.C.P. 19(a).

The cargo owner has already made a claim against Hapag–Lloyd and received judgment in its favor. Hapag–Lloyd can clearly obtain complete relief without the cargo owner because it has already been charged for the loss of the cargo. As a result, it is unnecessary to join the cargo owner since the issue is whether Colón and AIG are obligated to pay Hapag–Lloyd what the latter already owes to the cargo owner. Furthermore, the contract between Colón and Hapag–Lloyd does not stipulate that the Defendants had to pay the cargo owner for the loss.

Defendants are also concerned about suffering multiple and inconsistent obligations if the cargo owner is not joined because of an appeal in the German Courts. The Court finds that there is nothing before it to suggest that there is a substantial likelihood that the cargo owner would file a separate suit against Colón and AIG. The cargo owner could have brought suit at any time against AIG to recover for its damaged property. The cargo owner, however, chose not to and instead filed suit against Hapag–Lloyd. The mere abstract possibility of future litigation by the cargo owner is not sufficient to make it a necessary party. *Kmart Corp. v. Rivera–Alejandro Architects and Engineers,* 174 F.R.D. 242 (D.Puerto Rico 1997).

The Court need not reach the second prong of the indispensable party test since the Defendants have failed to prove that joinder of the cargo owner is absolutely necessary. Since it is not necessary to join the cargo owner, AIG's Motion to Dismiss for lack of an indispensable party must be denied.

*The Proceedings are not Stayed*

AIG alleges that in the interest of judicial economy the Court should stay the resolution of the issue of indispensable party, as well as the present action until all possible appeals before the German courts are decided.

Since this Court has determined that the cargo owner is not a necessary party, the motion to stay pending the outcome of all appeals in the German courts must also be denied.

*CONCLUSION*

In light of the foregoing, the Court denies Defendants's Motion to Dismiss and Motion to Stay. (Docket Nos. 5 and 13).

IT IS SO ORDERED.