**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1064

Z & B ENTERPRISES, INC., a corporation organized and existing
under the laws of the Commonwealth of Puerto Rico;
LUIS VALLE-FIGUEROA, EIMYE BLAS-OLIVER, and the conjugal
partnership constituted between them; and LUIS VALLE-GONZÁLEZ,
ALICIA FIGUEROA-MERCADO, and the conjugal partnership
constituted between them,

Plaintiffs, Appellants,

v.

TASTEE-FREEZ INTERNATIONAL, INC., a corporation organized
and existing under the laws of Michigan,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Torruella, Circuit Judge,
Dyk,[*] Circuit Judge,
and Howard, Circuit Judge.

Luis F. Del Valle-Emmanuelli, with whom García & Fernández,
was on brief, for appellants.
Diana M. Batlle-Barasorda, with whom Fiddler González &
Rodríguez PSC and Ricardo F. Casellas, were on brief, for appellee.

January 18, 2006

---

[*] Of the Federal Circuit, sitting by designation.

**TORRUELLA**, <u>Circuit Judge</u>.  In this suit, Plaintiffs are suing Defendant for deceptive and fraudulent conduct in the sale of a Tastee-Freez franchise.  The district court granted Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party.  Plaintiffs appeal the district court's finding that the missing parties are indispensable.  We affirm.

## I.

Tastee-Freez is "one of America's favorite establishments for high quality fast food and delicious soft-serve products."  <u>See</u> Tastee-Freez Story, http://www.tastee-freez.com/products.htm.  This case concerns alleged deceptive and fraudulent activities arising from the sale of a Tastee-Freez franchise in Aguadilla, Puerto Rico.  Plaintiffs Luis Valle-Figueroa ("Valle-Figueroa") and Luis Valle-González ("Valle-González") sought to purchase a Tastee-Freez franchise, and they formed Z & B Enterprises, also a Plaintiff, to be the owner of the franchise.  Additional Plaintiffs are the spouses of Valle-Figueroa and Valle-González and their respective conjugal partnerships.  Defendant is Tastee-Freez International ("TFI"), a corporation that grants Tastee-Freez franchises to franchisees.

In April 2001, Plaintiffs commenced negotiations with J.F., Inc., ("JF") to purchase the Tastee-Freez franchise in Aguadilla owned by JF.  Plaintiffs and JF entered into a contract

where Plaintiffs would be required to pay about $800,000. Plaintiffs paid JF $191,400, although it is not clear if this was an initial installment or payment for an option to purchase. In June 2001, Plaintiffs paid the balance, and JF advised Plaintiffs that they had the rights to operate the Aguadilla Tastee-Freez. Plaintiffs were never presented with and never signed the Restaurant License Agreement that is normally entered into by franchise owners and TFI.

Plaintiffs allege that they were forced to enter into an Account Executive Agreement with Auspiciadora TF, Inc., ("ATF"), but does not state how they were forced. ATF and/or JF also forced Plaintiffs to enter into other agreements and contracts. These agreements and contracts violated TFI's Restaurant License Agreement and rules established by the Federal Trade Commission ("FTC"). It was not until after these agreements and contracts were entered into that TFI, ATF, or JF presented Plaintiffs with the disclosures required by the FTC and/or TFI.

Plaintiffs were hindered in the operation of their Aguadilla Tastee-Freez by a lack of support from TFI, ATF, and JF. TFI did not fulfill its obligations to provide advertising, training programs, and promotions. Although Plaintiffs had never signed a Restaurant License Agreement, TFI cashed checks written by Plaintiffs, and TFI invited Plaintiffs to attend a Tastee-Freez

-3-

conference.  The franchise lost money, and Plaintiffs shut it down on April 30, 2001.

Plaintiffs filed suit in Puerto Rico Commonwealth Court against ATF and JF, and this suit is still pending.[1]  Plaintiffs filed another suit in federal district court against TFI, asserting several grounds for TFI's liability.  First, Plaintiffs allege that TFI is liable for the actions of ATF and JF because ATF and JF are its agents, and TFI ratified or authorized their actions.  Second, Plaintiffs claim that TFI is liable under the indemnity provision of the Restaurant License Agreement that Plaintiffs never signed.  Finally, Plaintiffs claim that TFI failed to support the franchise and make required disclosures.  In this suit, Plaintiffs seek rescission of the contracts they signed with ATF and JF.

TFI moved to dismiss Plaintiffs' complaint for failure to state a claim and for failure to join indispensable parties ATF and JF.  A federal magistrate judge denied TFI's motion to dismiss. The district court rejected the magistrate's recommendation and found that ATF and JF were indispensable parties under Federal Rule of Civil Procedure Rule 19.  The district court granted TFI's

---

[1]  Plaintiffs stated in their brief that a default judgment had been entered against ATF and JF in commonwealth court.  TFI, however, moved to supplement the record with documents showing that no judgment has been entered against ATF and JF in commonwealth court, and Plaintiffs did not respond to this motion.  We take judicial notice that no default judgment has been entered against ATF and JF in commonwealth court.  White v. Gittens, 121 F.3d 803, 805 n.1 (1st Cir. 1997).

motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), and Plaintiffs appeal.

## II.

The joinder of parties is controlled by Rule 19 of the Federal Rules of Civil Procedure.  "The Rule furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." Acton Co. of Massachusetts v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982).  Rule 19 defines a two-step process.  In the first step under Rule 19(a), the court determines whether a party is necessary, i.e., one who must be joined if feasible to do so. Joinder is not feasible if it will deprive the court of subject matter jurisdiction.  If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether "in equity and good conscience the action should proceed among the parties before it." Fed. R. Civ. P. 19(b).

## A.

The parties dispute the standard of review we should apply to the district court's determination that ATF and JF are indispensable parties under Rule 19.  Plaintiffs erroneously argue

-5-

that we should review this determination de novo, because the district court ultimately dismissed the case for lack of subject matter jurisdiction. While a district court's decision to dismiss for lack of subject matter jurisdiction is reviewed de novo, this standard of review clearly does not apply to all determinations by the district court leading up to the dismissal. See United States v. San Juan Bay Marina, 239 F.3d 400, 403 (1st Cir. 2001).

Defendant correctly notes that our standard of review under Rule 19(b) is abuse of discretion. Id. Defendant ignores, however, that a necessary precursor to a decision under Rule 19(b) is a decision under Rule 19(a). Id. at 405. We have yet to determine whether abuse of discretion or de novo review is the appropriate standard of review for district court decisions under Rule 19(a). Id. at 403. Because we would come to the same conclusion under either standard of review, we need not and do not decide this issue here.

**B.**

We first consider whether ATF and JF are necessary parties under Rule 19(a). Necessary parties are those "who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." Shields v. Barrow, 58 U.S. 130, 139 (1855). "[A] court essentially will decide whether considerations of efficiency

and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989).

In Plaintiffs' vaguely-worded Complaint, they seek recovery from TFI primarily for acts of its alleged agents. The complaint does not identify the agents by name or the basis of the agency relationship, but the parties' briefs identify the alleged agents as ATF and JF. Before turning to the text of Rule 19, it is fruitful to consider the relationships between the present and absent parties, and Plaintiffs' theories for imposing liability upon TFI for the actions of its alleged agents.

First, virtually all of the affirmative acts that caused harm to the Plaintiffs were done by ATF or JF. It was ATF and JF that "provided false and misleading information and representations" and "deceived and misled plaintiffs into signing contracts." In contrast, the alleged involvement by TFI is much less clear and arises from the failure to act and what it should have known. Plaintiffs do allege that TFI failed to comply with FTC rules regulating franchise agreements. Although TFI cashed Plaintiff's checks, Plaintiffs and TFI never entered into an explicit franchise agreement, and thus it is not clear whether TFI was obligated to comply with these FTC rules. Plaintiffs state that TFI should have been aware of the deceptive practices of ATF

and JF but never explains why. It appears that the presence of ATF and JF "is critical to the disposition of the important issues in the litigation." Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985) (internal quotation marks omitted).

Second, Plaintiffs assert that TFI is liable for the actions of ATF and JF, because ATF and JF were acting as agents on behalf of TFI. TFI denies that ATF and JF were its agents, and even if they were, they were acting outside the scope of the agency relationship. Plaintiff has not put forth any evidence of an agency relationship between TFI and ATF or JF, and the Restaurant License Agreement between TFI and JF explicitly states that JF is not TFI's agent.

Third, Plaintiffs assert that TFI's liability arises from the indemnity provision of the Restaurant License Agreement. The Restaurant License Agreement requires TFI to indemnify a franchisee for "any obligations or liability for damages attributable to agreements, representations or warranties of or authorized by [TFI]" or "caused by the negligence or willful actions of [TFI]." Plaintiffs' argument is difficult to understand because Plaintiffs never state whom TFI is obligated to indemnify and for what reasons. It is undisputed that JF signed a Restaurant License Agreement with TFI. Under certain circumstances, the Restaurant License Agreement could thus require TFI to indemnify JF for damages incurred by JF. In this situation, only JF could invoke

-8-

the indemnity provision of the contract.  It is also undisputed that Plaintiffs did not sign a Restaurant License Agreement with TFI.  Even if other circumstances effectively bound TFI and Plaintiffs to the Restaurant License Agreement, most of the acts causing harm to Plaintiffs and requiring indemnification were done by ATF and JF, not TFI.  ATF and JF are thus active participants and "more than . . . key witness[es] whose testimony would be of inestimable value."  Id.

Plaintiffs argue that ATF and JF should not be considered necessary parties because TFI could join them as third-party defendants.  Plaintiff is correct that TFI could implead ATF and JF as third-party defendants without breaking this court's diversity jurisdiction even though Plaintiffs, ATF, and JF are all citizens of Puerto Rico.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978).  Disregarding the fact that TFI is by no means required to implead ATF and JF, even if TFI did implead ATF and JF they would be only third-party defendants and not principal defendants in this suit.  As a result, Plaintiffs could not assert claims against ATF and JF.  See id. at 377.  If ATF and JF are necessary parties in this suit, then they are necessary as defendants and not as third-party defendants.

We now consider the factors enumerated in Rule 19(a).  A party is necessary under Rule 19(a)

> if (1) in the person's absence complete relief
> cannot be accorded among those already

parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). To be necessary, a party need only satisfy one of these factors. We find that two of these factors show that ATF and JF are necessary parties who ought to be joined if feasible.

First, we may not be able to grant complete relief to Plaintiffs in the absence of ATF and JF. Plaintiffs are seeking rescission of contracts they made with ATF and JF. If this case were to proceed without ATF and JF, they would not be bound by a judgment concerning the invalidity or enforceability of the contracts to which they were parties. This would be a waste of judicial resources. "The interests that are being furthered [by Rule 19(a)(1)] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19 advisory committee's note.

Second, TFI could be subject to inconsistent or double obligations. Plaintiffs have filed a suit against ATF and JF in commonwealth court. It is possible that the federal district court could find that TFI is not liable to Plaintiffs, but that the commonwealth court could find that ATF and JF are liable to

-10-

Plaintiffs. Then TFI might be liable at least to JF because of the indemnity provision in the Restaurant License Agreement. Alternatively, the commonwealth court could find that ATF and JF are liable to Plaintiffs, and the federal court could find that TFI is liable to Plaintiffs. JF could then file suit against TFI for indemnity, thus subjecting TFI to a double obligation.

**C.**

Under Rule 19(a), a necessary party is to be joined as long as it is feasible to do so. Joinder is not feasible if it would deprive the court of subject matter jurisdiction. Plaintiff is a citizen of Puerto Rico, Defendant TFI is a citizen of Michigan, and the amount in controversy exceeds $75,000. Without ATF and JF, this court thus has diversity jurisdiction under 28 U.S.C. § 1332. ATF and JF are also citizens of Puerto Rico. Joining ATF and JF as defendants in this suit would break complete diversity and thus deprive this court of subject matter jurisdiction. Plaintiffs do not contend that the doctrine of supplemental jurisdiction extends our jurisdiction to include ATF and JF as defendants. See Acton, 668 F.2d at 79-80; 28 U.S.C. § 1367(b).

**D.**

Finally, since ATF and JF are necessary parties but joinder is not feasible, we must "determine whether in equity and good conscience the action should proceed" without ATF and JF as

-11-

defendants.  Fed. R. Civ. P. 19(b).  If we cannot proceed without ATF and JF, then they are indispensable parties.  Rule 19(b) gives four non-exclusive factors for courts to consider in making this determination:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  Applying these four factors, we find that ATF and JF are indispensable parties.

For the first factor, we already discussed above how proceeding to judgment without ATF and JF could be prejudicial to TFI, as TFI could be subjected to double or inconsistent obligations.  This factor weighs in favor of finding ATF and JF indispensable.

The second factor is whether this prejudice may somehow be lessened by the court's shaping of the potential verdicts.  Plaintiffs proposed a one-sentence solution for shaping relief to lessen the prejudice to TFI:

> [P]ursuant to the indemnity clause of the franchise agreement, [TFI could be made liable] for any damages attributable to the agreements, representations or warranties of or authorized by TFI, specifically providing that ATF and JF are not bound by such a

-12-

judgment because they cannot be liable under the indemnity clause.

Plaintiffs' proposition does not prevent TFI from being subjected to double or inconsistent obligations, and we do not see any manner of shaping relief that would prevent this from occurring.

The third factor is whether a judgment rendered in the absence of ATF and JF is likely to be adequate. This factor includes "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). ATF and JF are the principal actors in this lawsuit and could be the only entities liable to Plaintiffs. Alternatively, if TFI is liable to Plaintiffs, ATF and JF could in turn be liable to TFI. The absence of ATF and JF could thus prevent complete relief to the parties. For the same reasoning, the outcome could be inefficient as a further lawsuit could be necessary that would require relitigating nearly identical issues. Finally, because Plaintiffs are suing ATF and JF in commonwealth court, any judgment made by a federal court could be inconsistent with the outcome in the commonwealth court.

Finally, the last factor is whether an adequate, alternative forum is available to the Plaintiffs. Plaintiffs can join TFI, ATF, and JF as defendants in a suit in commonwealth court. Plaintiffs have not given any reason as to why the commonwealth court would be an inadequate alternative, and we see

-13-

no reason to believe that the commonwealth court would be an inadequate forum.

Considering the four factors together, it is clear that ATF and JF are indispensable parties in this lawsuit. A judgment in the absence of ATF and JF could be prejudicial to TFI, relief cannot be shaped to avoid this prejudice, a judgment rendered in the absence of ATF and JF is unlikely to be adequate, and the commonwealth court provides an adequate remedy for Plaintiffs. "Equity and good conscience" require us to dismiss this lawsuit for failure to join indispensable parties ATF and JF.

## III.

For the foregoing reasons, the district court's decision is affirmed.

**Affirmed**.