Iris ALEXANDRINO, Plaintiff

v.

JARDIN DE ORO, INC.,
et al., Defendant(s).

Civil No. 07–1588 (JAG).

United States District Court,
D. Puerto Rico.

Jan. 2, 2008.

William Nadal–Colon, Santiago Puig Law Office, San Juan, PR, for Plaintiff.

Diego A. Ramos, Tomas A. Roman–Santos, Ghia M. Pieraldi–Vassallo, Fiddler, Gonzalez & Rodriguez, Federico Lora–Lopez, Federico Lora Lopez Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the "Motion to Dismiss Complaint and/or to Stay Federal Suit" filed by Defendant Jardin de Oro, Inc. ("JDO") on October 31, 2007. (Docket No. 14). For the reasons set forth below, the Court **DENIES** JDO's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

JDO is the owner and operator of an institution whose sole function is to take care of several senior citizens among them Rosa M. Martinez. JDO is a domestic corporation authorized to do business in the jurisdiction of the Commonwealth of Puerto Rico.

On June 27, 2007, Rosa M. Alexandrino, Plaintiff's sister and Rosa M. Martinez, Plaintiff's mother filed a complaint in the State Court against JDO and several named co-defendants.[1] In said complaint, Rosa M. Alexandrino and Rosa M. Martinez allege that JDO is responsible for the damages they suffered as a result of institutional mistreatment and negligent care given to Rosa M. Martinez by employees, agents, administrators and independent contractors of JDO. (Docket No. 14, Exh. 1).

On July 2, 2007, Plaintiff Iris Alexandrino ("Plaintiff"), a resident of Fort Lauderdale, Florida, filed a separate complaint

---

1. Both Rosa M. Alexandrino and Rosa M. Martinez are domiciled in Puerto Rico.

before this Court against JDO and other co-defendants alleging damages. Specifically, Plaintiff alleges that JDO is responsible "for the damages suffered by Plaintiff as a result of the direct institutional mistreatment and negligent care given to Plaintiff's mother by employees, agents, independent contractors and administrators of" JDO. (Docket No. 1).

■ On October 31, 2007, JDO filed a Motion to Dismiss the present complaint. JDO alleges that pursuant to Rule 19 of the Federal Rules of Civil Procedure this case should be dismissed because Plaintiff failed to join her sister and mother, which are indispensable parties. According to JDO, Rosa M. Alexandrino and Rosa M. Martinez's joinder would destroy complete diversity and, therefore, would divest this Court of jurisdiction to entertain the case at bar. Alternatively, JDO avers that pursuant to the *Colorado River* abstention doctrine this suit should be stayed or dismissed in favor of the ongoing State Court litigation.[2] (Docket No. 14).

Plaintiff failed to timely respond to JDO's "Motion to Dismiss Complaint and/or to Stay Federal Suit." As a result, JDO requested that this Court deem its motion as unopposed. (Docket No. 15). On December 13, 2007, this Court granted JDO's request. (Docket No. 16).

We will now discuss if Rule 19 of the Federal Rules of Civil Procedure requires that we dismiss the present complaint. Additionally, we will discuss if the *Colorado River* abstention doctrine is applicable to the case at bar. Because subject matter jurisdiction is challenged, the Court must employ a Fed.R.Civ.P. 12(b)(1) standard. *McCulloch v. Malave–Velez*, 380 F.Supp.2d 46, 49 (D.P.R.2005).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Under Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As Courts of limited jurisdiction, Federal Courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia*, 221 F.3d 45, 48 (1st Cir.2000)(*quoting Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

In *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

**2.** Except in the very limited instances where some other form of abstention applies, abstention of the Federal Courts in cases involving parallel federal and state proceedings is only appropriate in the "exceptional" circumstances laid out in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 71 (1st Cir.2005).

(2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### 1. *Federal Rule of Civil Procedure 19*

 Jurisdiction in this case is premised on 28 U.S.C. § 1332 which requires that the parties be domiciled in different states and that the claim exceed $ 75,-000.00. "In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case." *Gorfinkle v. U.S. Airways, Inc.,* 431 F.3d 19, 22 (1st Cir. 2005); *Cook, Stratton & Co. v. Universal Ins. Group, Inc.,* 241 F.R.D. 411, 416 (D.P.R.2007). "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005). Even though diversity jurisdiction is determined at the time the complaint is filed, under particular circumstances, subsequent events may destroy it. *Olympic Mills Corp. v. Rivera Siaca,* 477 F.3d 1, 7 (1st Cir.2007).

 In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the District Court of the original jurisdiction over the entire action. *Olympic Mills,* 477 F.3d at 6; *see also, Diaz–Rodriguez v. Pep Boys Corp.,* 410 F.3d 56, 58 (1st Cir.2005) (complete diversity mandated). Frequently, parties seeking to evade the complete diversity rule attempt to maintain federal jurisdiction by failing to name persons or entities that have an interest in the litigation and otherwise should be named. *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 664 (6th Cir.2004); *Cook,* 241 F.R.D. at 417. Federal Rule of Civil Procedure 19 addresses this problem.[3] *Id.* Said rule pro-

---

**3.** Rule 19 states in pertinent part as follow:
 (a) Persons to be Joined if Feasible. A person ... whose joinder will not deprive the court of jurisdiction ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the sub-

vides guidance for the joinder of persons needed for just adjudication. *Id.* Specifically, "[i]t establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction." *Id.*

Rule 19 has a two prong inquiry. *Z & B Enters. v. Tastee–Freez Int'l, Inc.,* 162 Fed.Appx. 16, 18 (1st Cir.2006). First, under Rule 19(a), the party must be "necessary" and its joinder must be feasible. *Id.; Pujol v. Shearson/American Express,* 877 F.2d 132, 134 (1st Cir.1989). If the party is necessary because it fits the definition of Rule 19(a), but joinder is not feasible, the Court must take step two. *Id.* Namely, the Court must determine if the "necessary party" is also an "indispensable party" under Rule 19(b). *Id.; Hapag–Lloyd Container Linie, GmbH v. Luis A. Ayala Colon Sucrs., Inc.,* 209 F.R.D. 285, 286–287 (D.P.R.2002). "When applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol,* 877 F.2d at 134. When applying Rule 19(b), the Court will ask whether it is

so important, in terms of efficiency or fairness, to join this person, that, in the person's absence, the suit should not go forward at all. *Id.*

#### a. Necessary Party

Rule 19(a) provides that a person should be joined in a pending action when complete relief cannot be afforded to those who are already parties, or the person claims to have an interest in the action and his absence would hinder his ability to protect that interest or leave a person who is already a party "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R.Civ.P. 19(a). In this case, the first step in the Rule 19 analysis consists of deciding whether Rosa M. Alexandrino and Rosa M. Martinez claim an interest relating to the subject of Plaintiff's action and is so situated that the disposition of the action in its absence may as a practical matter impair or impede Rosa M. Alexandrino and Rosa M. Martinez's ability to protect that interest. *See* Fed. R.Civ.P. 19(a)(2). If Rosa M. Alexandrino and Rosa M. Martinez fail to satisfy this test, it is not even a "Rule 19(a) person" who should be joined "if feasible," let alone a Rule 19(b) "indispensable party." *Pujol,* 877 F.2d at 135.

ject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the

action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19.

The Court finds that Rosa M. Alexandrino and Rosa M. Martinez are necessary parties because their pending State claims subjects JDO to a risk of incurring double, multiple, or otherwise inconsistent obligations. Thus, this Court must analyze if the aforementioned parties' joinder is feasible.

■ Rule 19(a) makes clear that parties, who otherwise qualify as necessary should be made parties if this is feasible. *Metropolitan Life Ins. Co. v. Ditmore*, 729 F.2d 1, 8 (1st Cir.1984). Pursuant to Rule 19(a), the joinder of a party is feasible if it "will not deprive the court of jurisdiction over the subject matter of the action." Fed. R.Civ.P. 19(a); *see also Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 100 (1st Cir.1996). We are thus faced with the question of whether Rosa M. Alexandrino and Rosa M. Martinez's joinder would defeat federal subject matter jurisdiction.

■ Since Rosa M. Alexandrino and Rosa M. Martinez are nondiverse parties, their inclusion in the present case would deprive the Court of jurisdiction. Rosa M. Alexandrino, Rosa M. Martinez and JDO are all citizens of Puerto Rico.[4] Therefore, there would not be complete diversity if Rosa M. Alexandrino and Rosa M. Martinez are joined to the present case. As such, the joinder of Rosa M. Alexandrino and Rosa M. Martinez to the instant case is not feasible.

b. *Indispensable Party*

Rule 19(b) provides that when the joining of nonparty is not feasible because it would deprive the Court of jurisdiction, the Court should permit the action to proceed only to the extent that "equity and good conscience" warrants. Fed.R.Civ.P. 19(b); *see Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–109, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *see also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 547 (1st Cir.2006). Thus, since joinder is not feasible, this Court must then decide whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed.[5] Our holding that Rosa M. Alexandrino and Rosa M. Martinez's joinder is not feasible requires us to determine if they are indispensable.[6]

■ Pursuant to Rule 19(b) an indispensable party must be joined. *See Kellogg*, 440 F.3d at 544. However, if a party is found to be indispensable to a suit and diversity would be destroyed by its

---

**4.** For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569–570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). "[C]itizenship usually is equated with domicile." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir.2001). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 366. "Domicile requires both physical presence in a place and the intent to make that place one's home." *Id.; see Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698,

701 (1st Cir.1979). It is important to note that for diversity purposes, a corporation is a citizen of both the state where it is incorporated and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

**5.** *See Merrill Scott & Assocs. v. Concilium Ins. Servs.*, 253 Fed.Appx. 756 (10th Cir.2007).

**6.** "If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether in equity and good conscience the action should proceed among the parties before it." *Z & B Enters. v. Tastee–Freez Int'l, Inc.*, 162 Fed.Appx. 16, 18 (1st Cir.2006)(citing Fed.R.Civ.P. 19(b)); *see also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 180 (2d Cir.2007).

inclusion in the proceedings, the case must be dismissed for lack of subject matter jurisdiction. *Olympic Mills*, 477 F.3d at 8; *Id.*; *Cook, Stratton & Co. v. Universal Ins. Group, Inc.*, 241 F.R.D. 411, 417 (D.P.R. 2007). Therefore, this case requires us to decide whether Rosa M. Alexandrino and Rosa M. Martinez are indispensable; if they are, the entire case must be dismissed for want of subject-matter jurisdiction. *See Olympic Mills*, 477 F.3d at 8 (internal citations omitted). Four factors guide the inquiry:

> [F]irst to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b); *see also Olympic Mills*, 477 F.3d at 8.

Rule 19 furthers several related interests, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them. *Provident Tradesmens Bank*, 390 U.S. at 108–110, 88 S.Ct. 733; *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir.1982). A review of the factors and interests outlined above leads us to the conclusion that Rosa M. Alexandrino and Rosa M. Martinez are not indispensable parties. The Court will consider the aforementioned factors and interests in turn.

First, we will discuss whether Rosa M. Alexandrino and Rosa M. Martinez's would be prejudiced by precluding their joinder to this suit. This Court finds that neither of the aforementioned parties would be prejudiced by precluding their joinder to the instant case. Both of them filed their complaints in the State Courts.[7] This Court is confident that the State Court will adequately consider Rosa M. Alexandrino and Rosa M. Martinez's allegations and JDO's contentions.

The first factor feeds into the second and third factors, whether an existing prejudice can be lessened, and whether a judgment in Rosa M. Alexandrino and Rosa M. Martinez's absence would be adequate. *See B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*, 472 F.Supp.2d 128, 132 (D.P.R. 2006). As just mentioned, this Court finds that Rosa M. Alexandrino and Rosa M. Martinez are not prejudiced by being absent from the present case. Furthermore, a judgement in Rosa M. Alexandrino and Rosa M. Martinez's absence would be adequate. The main issue in the case at bar is Plaintiff's damage claim. Rosa M. Alexandrino and Rosa M. Martinez have claims, which will be adequately addressed by the State Court. As such, the first, second and third factors weigh in favor of denying JDO's request for dismissal. Finally, we need not discuss the fourth factor because this Court will not dismiss Plaintiff's claim.

This Court recognizes that complete, consistent and efficient settlement of the controversies is in the interest of both the Courts and the public. *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 108–11, 88 S.Ct. 733. Moreover, the Court notes that this decision will expose JDO to multiple litigations. However, the Court

---

**7.** There is a well established principle that a "plaintiff's choice of forum" should rarely be disturbed. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 635 (1st Cir.2001).

finds that public interest in preventing multiple and repetitive litigation is not sufficient to deprive Plaintiff of her choice of forum.[8] Plaintiff, Rosa M. Alexandrino and Rosa M. Martinez decided to forego their interest in obtaining complete and effective relief in a single action when they filed separate claims. Moreover, Rosa M. Alexandrino and Rosa M. Martinez considered the possible prejudicial effect of deciding the instant case without them and decided to file their complaints in the State Court. JDO will have a full and fair opportunity to be heard both in the State Court and in this Court. As such, this Court finds that JDO's request for dismissal shall be denied.

### 2. *Colorado River Abstention*

Defendants also allege that, under the landmark case of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), this Court should stay these proceedings, or in the alternative, dismiss the case in deference to the Commonwealth Court proceeding, which is much more advanced. Thus, we will now discuss if the *Colorado River* abstention doctrine is applicable to the case at bar.

 Federal Courts have an obligation to exercise their jurisdiction once an action has been initiated in Federal Court. *Pastor–Glnorio v. R & G Mortg. Corp.*, 371 F.Supp.2d 89, 95 (D.P.R.2005). The general rule for litigation between the federal and state systems is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction ...". *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910). However, when said situation occurs and concurrent procedures are brought in both forums, the Court must

exercise "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation". *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952). Therefore, Federal Courts will exercise their jurisdiction unless special limited circumstances dictate in a narrow number of cases a different result. *Id.*

*Colorado River* established one special circumstance under which Federal Courts can refrain from exercising their jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)(holding that abstention is the exception, not the general rule). In *Colorado River*, the Supreme Court established a doctrine governing the stay or dismissal of federal lawsuits. *Pastor–Ginorio*, 371 F.Supp.2d at 95. This alternative doctrine focuses not on considerations of state-federal comity or on avoidance of constitutional decisions as in the traditional abstention doctrines, but rather on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). The purpose behind the *Colorado River* doctrine is to determine whether exceptional circumstances exist in a case, which favor an exception in the exercise of federal jurisdiction. *Pastor–Ginorio*, 371 F.Supp.2d at 95.

 The *Colorado River* abstention doctrine applies if a two-part test is satisfied. *Id.* The Court must first determine whether the actions in the state and federal forums are parallel. *Id.* The proceed-

---

**8.** "[A] plaintiff's choice of forum should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

ings are considered to be parallel if they involve the same parties and "substantially identical claims", raising "nearly identical allegations and issues". *See Timoney v. Upper Merion Twp.*, 66 Fed.Appx. 403 (3rd Cir.2003). Second, the Court must perform a balancing of interest considering a number of factors in order to determine whether there exist "exceptional circumstances" to justify abstention.[9] *Pastor–Ginorio*, 371 F.Supp.2d at 95.

In the present case, the first part of the two part test is not satisfied because the actions in the state and federal forums are not parallel. Specifically, the parties are not the same. In the state action the parties are Rosa M. Alexandrino, Plaintiff's sister and Rosa M. Martinez, Plaintiff's mother, while Plaintiff is the only party in the case before us. As such, JDO's request for a *Colorado River* abstention is denied.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** JDO's "Motion to Dismiss Complaint and/or to Stay Federal Suit." (Docket No. 14).

IT IS SO ORDERED.

---

9. From *Colorado River* and its progeny, six factors, have emerged as the core of this brand of jurisdictional analysis. *Pastor–Glnorio v. R & G Mortg. Corp.*, 371 F.Supp.2d 89, 95 n. 4 (D.P.R.2005). To determine whether the required "exceptional circumstances" exist, a District Court must consider eight factors:

(1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. *United States v. Fairway Capital Corp.*, 483 F.3d 34, 40 (1st Cir.2007).

However, "no one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise is required." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 12 (1st Cir.1990).