

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# McCracken v. Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McCracken v. Murphy" (2005). *2005 Decisions.* Paper 1291.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1291

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3454
_____

TED A. MCCRACKEN,

Appellant

v.

FRANK P. MURPHY; MURPHY, OLIVER, CAIOLA & GOWEN, LLC

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-05041)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed April 29, 2005 )

_____

OPINION
_____

PER CURIAM

    *Pro se* appellant Ted A. McCracken appeals the District Court's order dismissing

his civil action for lack of subject matter jurisdiction. For the reasons that follow, we will

affirm.

In his complaint, McCracken alleges jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. The defendants filed a motion to dismiss the complaint, or in the alternative, for summary judgment, on the basis that the requirements of section 1332 were not met because McCracken and both defendants were citizens of Pennsylvania at the time the lawsuit was filed. The District Court denied the motion without prejudice and directed that discovery be taken on the issue of subject matter jurisdiction. Following discovery, the defendants again filed a motion to dismiss or for summary judgment. Following an evidentiary hearing and further briefing by the parties, the District Court dismissed the complaint, finding that McCracken had not met his burden of showing that the District Court had diversity jurisdiction. McCracken appeals.

We have jurisdiction under 28 U.S.C. § 1291. Although a District Court's determination regarding a plaintiff's domicile or citizenship is primarily a finding of fact that we will not disturb unless clearly erroneous, Krasnov v. Dinan, 465 F.2d 1298, 1299-1300 (3d Cir. 1972), we exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996).

Although McCracken argues that the District Court misplaced the burden of proof, where jurisdictional allegations are challenged, it is the plaintiff who bears the burden of proving that the federal court has jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936); Krasnov, 465 F.2d at 1301. Mere residency in a

state is insufficient for purposes of diversity; it must be coupled with an intent to remain indefinitely. Krasnov, 465 F.2d at 1300. In determining such intent, courts consider various circumstances such as voter registration, location of personal and real property, location of bank accounts, payment of utilities, membership in unions and other associations, place of employment or business, driver's license, and payment of taxes. See 13B Federal Practice and Procedure § 3612. A party's domicile is determined as of the moment the complaint is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam). In this case, because McCracken was incarcerated when he filed his complaint, his citizenship is determined by his state of domicile immediately before being incarcerated. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002); Singletary v. Cont'l Illinois Nat'l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir. 1993) (inmate's citizenship is the state of which he was a citizen before his incarceration, unless he plans to relocate upon release).

It is undisputed that the defendants are citizens of Pennsylvania. In support of their motion in District Court, the defendants offered evidence to show that McCracken was also a Pennsylvania citizen. The evidence included McCracken's acquisition of a Pennsylvania driver's license and his application to register his motor vehicle in Pennsylvania, both in January 2002, just before he was incarcerated in March 2002, and both reflecting a North Wales, Pennsylvania address.[1] The defendants presented

---

[1] McCracken states that this is his mother's address.

documentation that McCracken also used the North Wales address in various legal correspondence, including several lawsuits he filed in Pennsylvania state and federal courts. The defendants also produced other evidence of McCracken's ties with the North Wales address in relation to his motor vehicle accident in 1999, resulting in his retaining the defendants to represent him in his personal injury lawsuit and involving correspondence between the parties in the ensuing years.[2] For example, the defendants noted his signature on a settlement agreement in January 2002 indicating that the North Wales location had been his address for several months.

In opposition, McCracken submitted evidence including a New York driver's license issued in September 2001, and his testimony that he lived in a weekly rental at the James Motel in Monroe, New York, between September 2001 and March 2002. He also presented evidence of having had a Maryland address, including a Maryland driver's license issued February 1999, a May 1999 invoice from Metrocall, and a May 2000 police incident report. McCracken also submitted bank statements from Commerce Bank dated from October 2001 to February 2002, reflecting the North Wales, Pennsylvania address but itemizing ATM transactions in New York, New Jersey, and other locations. In his post-hearing submission to the District Court, McCracken states that, in the months prior to his March 2002 incarceration, he lived with his fiancee "for extended intermittent

---

[2] McCracken's complaint under review brings state law claims of professional negligence and other related claims against the defendants, based on their representation during the personal injury suit.

periods" in New Jersey, that they "more often" stayed at motels in the New York, New Jersey, and Connecticut area, and that he traveled throughout the New York, New Jersey, Delaware, and Maryland areas during that period. (Affidavit in Support of Opposition to Defendants' Motion at 8.)

Upon consideration of the parties' briefs and the record, we discern no clear error in the District Court's finding that McCracken has not shown that he was domiciled in New York or any other particular state other than Pennsylvania. For substantially the same reasoning found in the District Court's decision, we conclude that McCracken did not meet his burden to establish diversity of citizenship. See Bettis v. Montgomery, 701 F. Supp. 256, 258 (D. D.C. 1989) (plaintiff cannot establish diversity merely by alleging that he does not share the same state of domicile as the defendant; domiciles of each of the parties must be specifically alleged).

We have considered all of the arguments raised in McCracken's brief and find them to be without merit. We note that, to the extent that McCracken believes that the District Court did not act impartially and exhibited bias and prejudice against him, we see no evidence of this in the record. McCracken also complains that he was harmed by the rescheduling of the evidentiary hearing and by the District Court's refusal to accept any additional documentary evidence or witness testimony. However, the record indicates that the parties were advised weeks in advance of the rescheduled hearing date and that McCracken did not object to the date. There is no indication in the hearing transcript that McCracken sought to admit any witness testimony or that he had secured any witnesses to

5

testify at the hearing. Furthermore, the hearing transcript reflects that, upon McCracken's request at the conclusion of the hearing, the District Court allowed McCracken an additional seven days to submit additional written argument and documentary evidence. McCracken did, in fact, submit additional argument and evidence, and the District Court considered the supplemental submission in rendering its decision.

We will affirm the District Court's judgment.