**B. FERNANDEZ & HNOS., INC., et al., Plaintiffs,**

v.

**KELLOGG USA, INC., et al., Defendants.**

**Civil No. 05–1030 (JP).**

United States District Court, D. Puerto Rico.

Dec. 29, 2006.

Alfredo Fernández–Martínez, Esq., Delgado & Fernández, Ramón L. Walker–Merino, Esq., San Juan, PR, Gael Mahony, Esq., Boston, MA, for Plaintiffs.

Ricardo F. Casellas, Esq., Laura M. Crumley–Alvarez, Esq., Luis A. Oliver–

Fraticelli, Esq., Manuel A. Pietrantoni, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, Jr., Senior District Judge.

The Court has before it a Judgment and Mandate issued by the United States Court of Appeals for the First Circuit (Nos. 160 and 163) in which the First Circuit vacated the preliminary injunction issued by this Court on July 20, 2005. In denying the injunction, the First Circuit focused on this Court's denial of intervention rights to Kellogg Caribbean Services, Inc. ("Kellogg Caribbean") (No. 99). The First Circuit held that Kellogg Caribbean met the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure, and remanded the case to this Court to determine whether Kellogg Caribbean must be joined for "just adjudication" under Rule 19 of the Federal Rules of Civil Procedure.

The Court also has before it motions filed by Plaintiffs (Nos.164, 165) to dismiss Plaintiff Caribbean Warehouse Logistics Inc. as a party to the instant case.

For the reasons stated herein, the Court holds that Kellogg Caribbean must be joined for just adjudication. The Court **DENIES** Plaintiffs' motions (**Nos. 164, 165**) to dismiss Caribbean Warehouse Logistics Inc. as a party hereto. The addition of Kellogg Caribbean to this suit destroys complete diversity, upon which federal jurisdiction is premised. Because the Court no longer possesses jurisdiction over the case, the Court will enter judgment dismissing the case.

### I. BACKGROUND

B. Fernández & Hnos., Inc. ("BFH") is a Puerto Rico company that distributes Kellogg products to Puerto Rico retailers. Caribbean Warehouse Logistics Inc. ("CWL") is also a Puerto Rico company and an affiliate of BFH. CWL provides logistical and warehousing services. Kellogg USA, a Michigan company and subsidiary of nonparty Kellogg Company, manufactures cereal products on the mainland United States for export to certain geographic markets throughout the world. Kellogg Caribbean, a Puerto Rico company, promotes, sells and distributes Kellogg products in Puerto Rico. Like Kellogg USA, Kellogg Caribbean is a subsidiary of Kellogg Company.

In October 2004, BFH and Kellogg Caribbean signed an Inventory and Repurchase Agreement which provided that Kellogg Caribbean would purchase the Kellogg products owned by BFH. The purpose of the repurchase agreement was to permit Kellogg Caribbean to consolidate its warehouse and administrative functions into one facility. In this agreement, Kellogg Caribbean notified BFH that it had been assigned Kellogg USA's interest in the distribution agreement. The agreement stated that the terms of the initial Kellogg USA–BFH distribution agreement remained in "full force and effect."

After purchasing BFH's inventory, Kellogg Caribbean sold Kellogg products to BFH for distribution to the Puerto Rico market. As part of its consolidation effort, Kellogg Caribbean hired CWL, BFH's affiliate, to manage its warehouse operation. Kellogg Caribbean and CWL did not sign a written agreement for these services.

In November 2004, Kellogg Caribbean informed BFH that it was exercising a provision in the distribution agreement entitling it to sell Kellogg "Cereal in a Cup" and "Fruit Snacks" products directly to Puerto Rico retailers. BFH, however, would remain the distributor of other Kel-

logg products. Displeased, BFH sued Kellogg USA claiming that it had violated Law 75 by permitting "it or its affiliates" to sell "Cereal in a Cup" and "Fruit Snacks" directly to retailers. Five months later, Kellogg Caribbean notified CWL that it was terminating their warehouse services relationship. Shortly thereafter, BFH and CWL amended their Complaint to add a count by CWL alleging that Kellogg USA "and/or its affiliates" violated Law 75 by terminating the warehouse services agreement. BFH and CWL sought damages, declaratory relief, and a preliminary and permanent injunction.

Five days after BFH and CWL filed their Amended Complaint, Kellogg Caribbean moved "to intervene and to dismiss for lack of an indispensable party." This Court denied the motion (No. 99). After an evidentiary hearing, this Court entered a preliminary injunction (No. 133) requiring Kellogg USA "and/or its affiliates or subsidiaries" to specifically perform the agreements with appellees pending trial. On July 20, 2005, the United States Court of Appeals for the First Circuit vacated the preliminary injunction, holding that Kellogg Caribbean met the Rule 24 requirements for intervention. The Court of Appeals remanded for a determination as to whether Kellogg Caribbean needed to be joined for "just adjudication" under Rule 19 of the Federal Rules of Civil Procedure.

Certain events have occurred since the First Circuit issued its Mandate. On May 5, 2006, Plaintiffs moved to voluntarily dismiss CWL as a party, and to file a Second Amended Complaint to that end (Nos. 164 and 165). These motions are still pending. A settlement conference was held on August 16, 2006, to facilitate settlement efforts on behalf of all parties. No settlement was reached, and an additional conference was scheduled for November 15, 2006. In the interim, the parties met on two occasions, independent of the Court, in efforts to reach settlement. Such attempts were unsuccessful, and at the November 15, 2006 settlement conference with the Court, the parties informed the Court that no agreement had been reached.

## II. ANALYSIS UNDER FED. R. CIV. P. 19(b)

The First Circuit held that Kellogg Caribbean is entitled to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure (No. 159 at 9–14). The First Circuit left for this Court to determine whether, in light of the fact that Kellogg Caribbean is non-diverse, Kellogg Caribbean is an indispensable party under Rule 19(b) of the Federal Rules of Civil Procedure. The factors which must be considered when determining whether a non-diverse party is indispensable are set forth in Rule 19(b). Fed. R.Civ.P. 19(b); *H.D. Corp. of P.R. v. Ford Motor Co.*, 791 F.2d 987, 992 (1st Cir. 1986). Rule 19(b) states that if a party with an interest related to the subject of the action cannot be joined, the court must determine whether in "equity and good conscience" the action should proceed among the parties before it, or should be dismissed. The Rule sets forth four factors to be considered when making the determination: (1) whether a judgment rendered in the party's absence might be prejudicial to the party; (2) whether, by the shaping of relief or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Rule 19 furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in

obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 108–110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982). The Court will consider these factors and policies in turn.

The first factor is whether Kellogg Caribbean would be prejudiced by precluding its joinder to the suit. On October 15, 2004, Kellogg Caribbean and BFH entered into an Inventory Repurchase Agreement in which Kellogg Caribbean purchased inventory and acquired title to the Kellogg brand products located at the Distribution Center. This Agreement gave notice to BFH that Kellogg Caribbean was the assignee of the 1992 Distribution Agreement between BFH and Kellogg USA. Kellogg Caribbean was the lessee of the Distribution Center. Kellogg Caribbean engaged the services of CWL, without a contract, to provide logistics services for its inventory and the Distribution Center. Since November 2004, CWL has invoiced Kellogg Caribbean, and Kellogg Caribbean has paid CWL directly for its services. Kellogg Caribbean is the only Kellogg entity which is a party to the aforementioned Agreements. Kellogg Caribbean alleges that it has an expressly non-exclusive contractual right to sell Kellogg products directly or appoint others, and that such right would be impaired if it is not added as a party to this litigation.

The Court holds that regardless of whether such Agreements are valid and non-exclusive, Kellogg Caribbean is an indispensable party to the extent that it must be able to defend the existence, construction, interpretation and validity of such Agreements. *See Provident Tradesmens Bank & Trust Co.,* 390 U.S. at 108–11, 88 S.Ct. 733 (holding that under Rule 19(b), the interests of the outsider party must be considered). The First Circuit hinted as much, holding that Kellogg Caribbean was an indispensable party insofar as Plaintiffs were seeking an injunction, and that Kellogg Caribbean's contractual rights would be affected by the Court's proposed remedy of specific performance (No. 159 at 9). The First Circuit further contended that Kellogg Caribbean "almost certainly" has more to lose than Kellogg USA in this litigation (No. 159 at 13). Given Kellogg Caribbean's Agreements with Plaintiffs, Kellogg Caribbean must be joined so that it may defend its property interests over its inventory and its rights as lessee of the Distribution Center. Any adverse judgment by this Court, in the absence of Kellogg Caribbean as a party hereto, would be prejudicial to Kellogg Caribbean. *See H.D. Corp. of P.R.,* 791 F.2d at 993 (applying the criteria of Rule 19(b) and holding that the non-diverse defendant had a substantial interest in the outcome of the dispute, as it was a signatory to several agreements at issue in the complaint, and therefore the litigation could not continue without the non-diverse defendant and accordingly was dismissed).

■ The first factor feeds into the second and third factors, whether such prejudice can be lessened, and whether a judgment in Kellogg Caribbean's absence would be adequate. It is not apparent how the Court could lesson the prejudice Kellogg Caribbean would suffer by an adverse ruling in its absence. Further, judgment in Kellogg Caribbean's absence would be unsatisfactory because the parties have an interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for liabilities shared with others. *See Provident Tradesmens Bank & Trust Co.,* 390 U.S. at 108–11, 88 S.Ct. 733. Complete, consistent and efficient settle-

ment of the controversies is in the interest of both the courts and the public. *Id.* at 108–11. If Kellogg Caribbean's claims are not represented in the case at bar, and Kellogg Caribbean brings a separate suit, the likelihood of multiple litigation, inconsistent relief, and misappropriated liability is a strong possibility.

The fourth and final factor of Rule 19(b) asks whether the plaintiffs have an adequate remedy if the action is dismissed. Plaintiffs BFH and CWL could file the instant complaint in the courts of the Commonwealth of Puerto Rico. Litigating the dispute in the commonwealth court, where all interested parties could be joined, would lead to the most complete and efficient disposition of the dispute. *See The Travelers Indemnity Company v. Dingwell,* 884 F.2d 629, 636 (1st Cir.1989).

Because the Court holds that under Rule 19(b) Kellogg Caribbean must be joined to the instant action, and because joinder deprives the Court of complete diversity of citizenship, this case must be dismissed. *See Freeport–McMoRan, Inc., v. KN Energy,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *H.D. Corp. of P.R.,* 791 F.2d at 992; *Travelers Indemnity Company,* 884 F.2d at 637; *Acton Co., Inc. of Mass.,* 668 F.2d at 78.

### III. *MOTION TO DISMISS CARIBBE-AN WAREHOUSE LOGISTICS AS A PARTY*

In an attempt to circumvent the jurisdiction defect, Plaintiffs have filed a Motion to Dismiss (No. 164) CWL as Plaintiff to the instant action, and a Motion to file a Second Amended Complaint pursuant thereto (No. 165). Plaintiffs allege that dismissal of CWL would restore diversity jurisdiction, notwithstanding the addition of Kellogg Caribbean as party to the suit. Plaintiffs further contend that if CWL is dismissed from the litigation with-

out prejudice, CWL may thereafter raise its claims in the commonwealth court.

The Court **DENIES** Plaintiffs' motions (**Nos. 164, 165**). Such an approach is inconsistent with the afore-discussed principles of judicial efficiency and comity. In light of Rule 19(b), equity and good conscience require that Plaintiffs bring their claims in the commonwealth court rather than manipulate jurisdiction by dropping CWL, a party with a substantial interest in the claim, solely for the purpose of maintaining the federal court's jurisdiction over some claims. *See Acton Co., Inc.,* 668 F.2d at 81 (quoting *Potomac Elec. Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486, 492–93 (D.Md.1972)).

### IV. *CONCLUSION*

For the reasons stated herein, the Court will enter judgment dismissing the Complaint. Because Plaintiffs' claims may be brought in the commonwealth court of Puerto Rico, the dismissal shall be without prejudice.

**IT IS SO ORDERED.**