·William Anthony COLON, Plaintiff

v.

**Ruben BLADES, Defendant.**

**Civil No. 07–1380 (JAG).**

United States District Court, D. Puerto Rico.

Jan. 22, 2008.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, San Juan, PR, for Plaintiff.

Pamela D. Gonzalez–Robinson, Roberto Corretjer Piquer Law Office, San Juan, PR, Eugene F. Hestres–Velez, Bird, Bird & Hestres, Old San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Ruben Blade's ("Defendant") Motions to Dismiss. (Docket Nos. 12, 13). For the reasons set forth below, the Court **DENIES** Defendant's Motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2003, Plaintiff William Anthony Colon ("Plaintiff") and Defendant signed an Engagement Contract with DISSAR Production ("DISSAR") where both Plaintiff and Defendant agreed to perform at a musical concert, in San Juan, Puerto Rico. Said contract stated that the sum to be paid for Plaintiff and Defendant's performance would be $350,000. The $350,000 payment was to be split equally between Plaintiff and Defendant. The firm of Martinez, Morgalo & Associates, and its partners Arturo Martinez and Robert Morgalo (all three collectively referred to as "Martinez and Morgalo") were to handle the collection of the $350,000.

Plaintiff also contends that there was a separate agreement (the "Agreement") between him and Defendant in which Defendant agreed to be in charge of the business aspect of the concert, including collecting the $350,000 fee, and paying Plaintiff. According to the Agreement, Plaintiff would be in charge of the concert's production.

A few days prior to the concert, Defendant informed Plaintiff that Arturo Martinez had disappeared with the money to be paid to Plaintiff. On the concert date, Plaintiff informed Defendant that "under the circumstances he would not perform at the concert." As a result, Defendant allegedly told Plaintiff that he would be personally responsible for the full payment of Plaintiff's portion of the $350,000.[1] Plaintiff accepted Defendant's promise (the "promise") and performed at the concert. The aforementioned concert took place on May 3, 2003.

For his performance, Plaintiff only received a $60,000 advance payment. Plaintiff never received the remaining $115,000.[2] Consequently, on May 4, 2007, Plaintiff filed the present complaint alleging that Defendant breached the agreement between them. Plaintiff avers that Defendant failed to pay him the amount he is still owed for the concert he performed. Specifically, Plaintiff contends that even though the Engagement Contract stated that Martinez and Morgalo was to handle the collection of the $350,000,[3] said firm acted only as agents of Defendant. According to Plaintiff, pursuant to the Agreement and the promise, Defendant is responsible for the payment of the $115,000

---

1. Defendant denies that he ever made such a promise. (Docket No. 8).

2. The sum of $115,000 represents one half of the $350,000 agreed mutual wage, less the $60,000 advance payment received by Plaintiff.

3. The contract between DISSAR, Plaintiff and Defendant states in pertinent part that: "PAYMENTS MUST BE MADE IN THE FORM OF WIRE TRANSFER, CASH, CERTIFIED CHECK OR MONEY ORDER PAYABLE TO MARTINEZ, MORGALO AND ASSOCIATES." (Docket No. 14, Exh. 4).

that remain outstanding. Thus, Plaintiff requests that this Court order Defendant to pay the $115,000 that are still owed. (Docket No. 1).

On October 22, 2007, Defendant filed a Motion to Dismiss in which he alleged that Plaintiff's complaint is time barred. Specifically, Defendant avers that Plaintiff is requesting artist fees, which is governed by Article 1867 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5297. Defendant contends that pursuant to Article 1867,[4] the case at bar is subject to a three year statute of limitations period.

According to Defendant, the three year period commenced on May 3, 2003, the date of the concert. Plaintiff filed its complaint on May 4, 2007, four years after the performance. Consequently, Defendant contends that Plaintiff's complaint is time barred.

Plaintiff opposed Defendant's Motion to Dismiss. Namely, Plaintiff alleges that its breach of contract claim has a fifteen year statute of limitation period. Alternatively, Plaintiff contends that if this Court were to find that his complaint was subject to a three year statute of limitations period, said period was tolled by several letters that were sent to Defendant requesting payment of the $115,000. (Docket No. 14).

On October 22, 2007, Defendant also filed another Motion to Dismiss for Plaintiff's failure to join a party under Federal Rule of Civil Procedure 19. Defendant contends that Martinez and Morgalo are necessary and indispensable parties to the lawsuit, and because their joinder would destroy diversity, this suit must be dismissed.[5] (Docket No. 13). On November 2, 2007, Plaintiff opposed Defendant's Motion. Plaintiff contends that Martinez and Morgalo's joinder would not defeat diversity jurisdiction because Arturo Martinez is currently incarcerated in Georgia, Roberto Morgalo is a resident of Reading Pennsylvania and the corporation Martinez, Morgalo and Associates, Inc., is a Delaware corporation that has been inactive for years.[6] Moreover, Plaintiff contends that Martinez and Morgalo are not an indispensable party because they are co-obligors. As such, Plaintiff alleges that their joinder is not compulsory. (Docket No. 17).

On January 11, 2008, Defendant filed a response to Plaintiff's opposition. In said Motion, Defendant alleges that Martinez and Morgalo are necessary parties and, therefore, should be joined. Alternatively, Defendant contends that if this Court finds that joinder is not feasible because it would divest the Court of jurisdiction it should dismiss Plaintiff's complaint be-

4. Article 1867 establishes a three year state of limitations period for the filing of actions regarding the payment of services rendered by several named professionals.

5. According to Defendant, Martinez and Morgalo are citizens of New York and their joinder would divest this Court of jurisdiction because there would not be complete diversity between the parties. See Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir.2005).

6. Together with the opposition, Plaintiff provided three exhibits that demonstrate that

Martinez and Morgalo are not residents of New York. The exhibits show that Arturo Martinez is currently incarcerated in Georgia, that Roberto Morgalo is a resident of Reading Pennsylvania and that the corporation Martinez, Morgalo and Associates, Inc., is a Delaware corporation. (Docket No. 17, Exh. 1, 2, 3). The Court may consider these exhibits when ruling upon Defendant's Motion to Dismiss under Rule 19 because the Court may consider evidence outside the pleadings. Rivera–Rojas v. Loewen Group Int'l, 178 F.R.D. 356, 360 (D.P.R.1998)(A Court ruling on a 12(b)(7) motion, which is a motion to dismiss for failure to join a party under Rule 19, may consider evidence outside the pleadings.)

cause Martinez and Morgalo are necessary and indispensable parties. (Docket No. 21).

## STANDARD OF REVIEW

A. *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard*

In *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez*, 903 F.2d at 52). Plain-tiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

B. *Federal Rule of Civil Procedure 12(b)(7) Motion to Dismiss Standard*

"A Rule 12(b)(7) motion is one to dismiss for failure to join a party under Rule 19." *Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 361 (D.P.R.1998). Such a motion should be granted when there is an absent party without whom complete relief will not be possible in the case or whose interest in the controversy is such that to proceed without this party might prejudice it or the parties already present in the case. *Id.* at 360 (internal citations omitted). Furthermore, "compulsory joinder or dismissal for failure to join an indispensable party should only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence." *Cook Stratton & Co. v. Universal Ins. Group, Inc.*, 241 F.R.D. 411, 418 (D.P.R. 2007) (internal citations omitted).

A Court ruling on a 12(b)(7) motion may consider evidence outside the pleadings. *Albahary v. City of Bristol*, 963 F.Supp. 150, 156 n. 2 (D.Conn.1997). The movant has the burden of showing why the absent party should be joined. *Sunrise Financial, Inc. v. PaineWebber, Inc.*, 948 F.Supp. 1002, 1006 (D.Utah 1996). To meet this burden, the movant may submit affidavits or other relevant evidence. *Sunrise Financial*, 948 F.Supp. at 1006.

## Discussion

Plaintiff makes several references to the existence of a separate agreement to that

of the Engagement Contract. Plaintiff points to a business venture relationship with Defendant (the Agreement) in which Defendant was in charge of the business aspect of the concert, including collecting the $350,000 fee. (*See* Docket Nos. 1, 14). Furthermore, on the date of the concert Defendant allegedly promised Plaintiff that he would be personally responsible for paying the amount that Plaintiff was still owed. According to Plaintiff, the relationship between Defendant and Martinez and Morgalo is that of a co-obligor. They were both responsible of paying Plaintiff $175,000. (*See* Docket No. 17).

■ This Court recognizes that the Agreement and the promise if construed as a verbal contract could entail that there was a novation of the Engagement Contract. Nonetheless, at this stage of the proceedings we need not discuss this issue on the merits. This Opinion and Order will simply address Defendant's Motions to Dismiss. Since this Court must accept all well-pleaded factual allegations as true, and draw all reasonable inferences in Plaintiff's favor, we will assume for purposes of this Opinion and Order that the Agreement and the promise correspond to a verbal contract between Plaintiff and Defendant where Defendant agreed to pay Plaintiff for his performance.[7] Hence, we assume in deciding Defendant's Motions that between Plaintiff and Defendant there was a verbal contract, which is separate to the Engagement Contract. Furthermore,

we will also assume that the relationship between Defendant and Martinez and Morgalo is only of co-obligors.

### A. Rule 12(b)(6) Motion to Dismiss

We must first analyze if the present complaint, which deals with the alleged breach of the aforementioned verbal contract is time barred. This suit's jurisdiction hinges on diversity and, therefore, is governed by the law of Puerto Rico.[8] *Arturet–Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 12 (1st Cir.2005). Pursuant to Article 1864 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5294, the statute of limitations for damage claims flowing from a breach of contractual obligations is fifteen years. *King v. TL Dallas & Co., Ltd.*, 270 F.Supp.2d 262, 268 (D.P.R.2003)(internal citations omitted). The general fifteen year statute of limitations period of the Puerto Rico Civil Code applies to causes of action "which are personal and for which no special term of prescription is fixed." P.R. Laws Ann. tit. 31 § 5294. Therefore, this statute of limitations applies only if no other term of proscription is applicable to this case. *See Rivera Surillo & Co., Inc., v. Falconer Glass Industries, Inc.*, 37 F.3d 25, 27 (1st Cir.1994).

Defendant posits that the applicable statute of limitations is the three year period proffered by Article 1867 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5297.[9] However, Defendant's al-

---

7. Puerto Rico law governs this suit because jurisdiction hinges on diversity. *Arturet–Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 12 (1st Cir.2005). Under Puerto Rican law, verbal contracts are valid and enforceable. *Morales v. Hosp. Hermanos Melendez, Inc.*, 447 F.Supp.2d 137, 142 (D.P.R.2006)(internal citations omitted).

8. Plaintiff, a resident of the State of New York, filed the present breach of contract claim against Defendant, a resident and na-

tional of Panama. Plaintiff claims that Defendant owes him $115,000. Thus, jurisdiction in this case is premised on 28 U.S.C. § 1332 which mandates that the parties be domiciled in different states and that the claim exceed $75,000.00.

9. Article 1867 of the Puerto Rico Civil Code states as follows:

Actions for the fulfilment of the following obligations shall prescribe in three (3) years:

legation is mistaken. There is no existing case law to support Defendant's contention that the collection of an artist's fees for a performance that he rendered is governed by Article 1867.

Moreover, pursuant to the Engagement Contract, Plaintiff and Defendant were partners that agreed with DISSAR, a third party, to perform at a concert. Plaintiff and Defendant also had a separate contractual relationship in which Plaintiff was in charge of production and Defendant was in charge of all the business aspects. Said contractual relationship between Plaintiff and Defendant is not that of an artist with a promoter but that of two business partners.

This Court finds that Article 1867 is inapplicable to the case at hand because the contractual relationship between Plaintiff and Defendant is that of two business partners. Therefore, we conclude that the applicable statute of limitations is the fifteen year period stated in Article 1864. The concert in which Plaintiff and Defendant performed and for which Defendant was never allegedly paid took place on May 3, 2003. Plaintiff filed the present complaint on May 4, 2007, which is within the fifteen year statute of limitation period. As such, Plaintiff claim is not time barred. Since Plaintiff claim is not time barred, we need not discuss Plaintiff's contention that Article 1867's statute of limitations period was tolled. We now proceed to discuss Defendant's Rule 12(b)(7) Motion under Federal Rule of Civil Procedure 19.

*B. Rule 12(b)(7) Motion to Dismiss*

Federal Rule of Civil Procedure 19 provides guidance for the joinder of persons needed for just adjudication. *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 664 (6th Cir.2004); *Cook,* 241 F.R.D. at 417. Rule 19 states in pertinent part as follow:

> (a) Persons to be Joined if Feasible. A person ... whose joinder will not deprive the court of jurisdiction ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.
>
> (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof

(1) For the payment of judges, lawyers, registrars, notaries public, experts, agents, and clerks, for their charges and fees and the expenses and disbursements incurred by them in the discharge of their duties or offices in the matters to which the obligations refer. (2) For payments to apothecaries for medicines which they have supplied; to professors and teachers for their salaries and stipends for the instruction they have given, or for the exercise of their profession, art, or trade. (3) For the payment of mechanics, servants, and laborers the amounts due for their services, and for the supplies or disbursements they may have incurred with regard to the same. (4) For the payment of board and lodging to innkeepers, and to traders for the value of goods sold to others who are not traders, or who, being such, are engaged in a different trade. The time for the prescription of actions referred to in the three (3) preceding paragraphs shall be counted from the time the respective services have ceased to be rendered. P.R. Laws Ann. tit. 31 § 5297.

cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19.

■ There is a three step process to determine whether joinder is proper under Rule 19. *Glancy*, 373 F.3d at 666. This three-step inquiry consists of: first, ascertaining whether the presence of the absentee is necessary, if so, whether joinder of the absentee is feasible and if not, if the presence of the absentee is indispensable to the proceedings. *Cook*, 241 F.R.D. at 417. Thus, if the party is necessary because it fits the definition of Rule 19(a), but joinder is not feasible, the Court must proceed to step two. *Pujol v. Shearson/American Express*, 877 F.2d 132, 134 (1st Cir.1989). Namely, the Court must determine if the "necessary party" is also an "indispensable party" under Rule 19(b). *Id.; Hapag–Lloyd Container Linie, GmBh v. Luis A. Ayala Colon Sucrs., Inc.,* 209 F.R.D. 285, 286–287 (D.P.R.2002).

### 1. Necessary Party

■ We will first analyze if pursuant to Rule 19(a) Martinez and Morgalo are necessary parties. If so, then we must determine if their joinder is feasible. Rule 19(a) of the Federal Rules of Civil Procedure provides that a person should be joined in a pending action when: (1) complete relief cannot be afforded to those who are already parties,[10] (2) or the person claims to have an interest in the action and his absence would (i) hinder his ability to protect that interest or (ii) leave a person who is already a party "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a).[11] *General Council of the Assemblies of God v. Fraternidad de Iglesia de Asamblea de Dios Autonoma Hispana, Inc.,* 382 F.Supp.2d 315, 320 (D.P.R.2005).

There is little doubt that Martinez and Morgalo as parties to the Engagement Contract, should be joined to this action if feasible. To begin, pursuant to the Engagement Contract, Martinez and Morgalo were responsible of receiving the $350,000 from DISSAR and paying $175,000 to Defendant and Plaintiff. Furthermore,

---

**10.** The "complete relief" prescribed in the Rule only relates to those persons already party to the action; it does not concern any subsequent relief that could be later obtained from the absent party. *General Council of the Assemblies of God,* 382 F.Supp.2d 315, 320 (D.P.R.2005).

**11.** A party is necessary under Rule 19(a)(2) only if it claims a "legally protected interest" relating to the subject matter of the action. *United States v. San Juan Bay Marina,* 239 F.3d 400, 406 (1st Cir.2001); *General Council of the Assemblies of God,* 382 F.Supp.2d at 320. "As to the risk of multiple and/or inconsistent obligations, 'the key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy Rule 19(a) criteria.' " *Id.* Finally, "when applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol,* 877 F.2d at 134.

Plaintiff was not paid because Arturo Martinez disappeared with the money.[12] As such, Martinez and Morgalo's presence in the present claim is desirable not only to avoid piecemeal and duplicative litigation, but also to provide complete relief to Plaintiff. Thus, Martinez and Morgalo are to be joined to this action unless doing so will deprive this Court of subject matter jurisdiction. *See Acton Co. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 79 (1st Cir.1982).

### 2. *Feasibility of Joinder*

Rule 19(a) makes clear that parties, who otherwise qualify as necessary should be made parties if this is feasible. *Metropolitan Life Ins. Co. v. Ditmore*, 729 F.2d 1, 8 (1st Cir.1984). Pursuant to Rule 19(a), the joinder of a party is feasible if it "will not deprive the court of jurisdiction over the subject matter of the action." Fed. R.Civ.P. 19(a); *see also Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 100 (1st Cir.1996). We are thus faced with the question of whether Martinez and Morgalo's joinder would defeat federal subject matter jurisdiction.

 Jurisdiction in this case is premised on 28 U.S.C. § 1332 which requires that the parties be domiciled in different states and that the claim exceed $75,000.00. "In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case." *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir.2005); *Cook*, 241 F.R.D. at 416. "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806);

*Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir.2005).

 For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569–570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). However, even though diversity jurisdiction is determined at the time the complaint is filed, under particular circumstances, subsequent events may destroy it. *Olympic Mills Corp. v. Rivera Siaca*, 477 F.3d 1, 7 (1st Cir.2007). In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the District Court of the original jurisdiction over the entire action. *Id.* at 6; *see also Diaz–Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 58 (1st Cir.2005)(complete diversity mandated).

 "[C]itizenship usually is equated with domicile." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 366. "Domicile requires both physical presence in a place and the intent to make that place one's home." *Id.; see Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir.1979).

In order to ascertain that there is complete diversity among the parties, it is important to examine the citizenship that each party had at the time that Plaintiff filed his complaint. Plaintiff is a resident of New York and Defendant is a resident of Panama. Roberto Morgalo is a resident

---

**12.** (*See* Docket Nos. 1, 21).

of Reading, Pennsylvania. Arturo Martinez is currently incarcerated in the State of Georgia serving a fifteen year sentence. The firm Martinez, Morgalo and Associates, Inc., is an inactive corporation incorporated in Delaware.

In order to determine a party's citizenship for diversity jurisdiction purposes, Courts "take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile ... [including] current residence; ... location of personal and real property; location of ... bank accounts; ... membership in ... fraternal organizations, churches, clubs and other associations; ... driver's license and ... [and] payment of taxes." *Garcia Perez v. Santaella,* 364 F.3d 348, 350 (1st Cir.2004)(internal quotations omitted). A background check provided by Plaintiff demonstrates that Robert Morgalo owns a house in Reading, Pennsylvania and has a phone with a Reading, Pennsylvania area code. (*See* Docket No. 17, Exh. 1). As such, for diversity jurisdiction purposes, Robert Morgalo is a citizen of Reading, Pennsylvania.

Regarding the citizenship of an inactive corporation, the Second Circuit has found that an inactive corporation's principal place of business is the state where it last transacted business. *Pinnacle Consultants v. Leucadia Nat'l Corp.,* 101 F.3d 900, 907 (2d Cir.1996). The Fourth and Fifth Circuit have held that a corporation is a citizen of the state of its last place of business unless "a substantial amount of time," about 3 years, has passed since it became inactive. *Athena Automotive, Inc. v. DiGregorio,* 166 F.3d 288, 291 (4th Cir. 1999); *Harris v. Black Clawson Co.,* 961 F.2d 547, 551 (5th Cir.1992). However, the Third Circuit has held that a corporation not engaged in business activities can only be considered a citizen of its state of incorporation. *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir.1995).

Martinez, Morgalo and Associates Inc. is an inactive corporation. However, none of the parties has proffered any evidence of the last time or place where Martinez, Morgalo and Associates, Inc. transacted business. Under these circumstances, we must conclude that Martinez, Morgalo and Associates is a citizen of its state of incorporation, which is Delaware.

Arturo Martinez is a New York resident, who is currently incarcerated in Georgia.[13] For diversity jurisdiction purposes, an inmate's citizenship is the state of which he was a citizen before his incarceration, unless he plans to relocate upon release. *McCracken v. Murphy,* 129 Fed. Appx. 701, 702 (3d Cir.2005); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314 (11th Cir.2002); *Singletary v. Cont'l Illinois Nat'l Bank & Trust Co.,* 9 F.3d 1236, 1238 (7th Cir.1993). Since prior to his incarceration, Arturo Martinez was a resident of New York, he is considered a citizen of that state.

Plaintiff is also a resident of New York. Therefore, Arturo Martinez's joinder is not feasible since it would divest this

---

13. Defendant stated in its Motion to Dismiss that Arturo Martinez, Robert Morgalo and the firm of Martinez, Morgalo and Associates were all citizens of New York. (Docket No. 13). However, Plaintiff responded to said allegations by filing several exhibits. One of them showed that Roberto Morgalo is a resident of Reading Pennsylvania. (Docket No. 17, Exh. 2). Plaintiff also filed evidence that the firm Martinez, Morgalo and Associates Inc. is incorporated in Delaware. (Docket No. 17, Exh. 3). Another exhibit was the result of a criminal background check for Arturo Martinez which showed that in 2004 he was incarcerated in the State of Georgia. He is currently serving a fifteen year sentence. (Docket No. 17, Exh. 1).

Court of jurisdiction because there would not be complete diversity among the parties. However, Robert Morgalo and the firm Martinez, Morgalo and Associates, Inc.'s joinder would not divest the Court of jurisdiction over the case at bar because there would continue to be complete diversity among the parties. Consequently, this Court finds that Robert Morgalo and Martinez, Morgalo and Associates, Inc. shall be joined to the instant case. Since the joinder of Arturo Martinez is not feasible because it would deprive this Court of subject matter jurisdiction, we now proceed to determine if Arturo Martinez is an indispensable party.

### 3. Indispensable Party

 Rule 19(b) provides that when the joining of a nonparty is not feasible because it would deprive the Court of jurisdiction, the Court should permit the action to proceed only to the extent that "equity and good conscience" warrants. Fed. R.Civ.P. 19(b); *see Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 108–109, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *see also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541, 547 (1st Cir.2006). Since joinder here is not feasible, this Court must then decide whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed.[14] Our holding that Arturo Martinez's joinder is not feasible requires us to determine if he is indispensable.[15]

 Pursuant to Rule 19(b) an indispensable party must be joined. *See*

*Kellogg,* 440 F.3d at 544. However, if a party is found to be indispensable to a suit and diversity would be destroyed by its inclusion in the proceedings, the case must be dismissed for lack of subject matter jurisdiction. *Olympic Mills,* 477 F.3d at 8; *Id.; Cook,* 241 F.R.D. at 417. Therefore, if this Court finds that Arturo Martinez is indispensable, the entire case must be dismissed for want of subject-matter jurisdiction. *See Olympic Mills,* 477 F.3d at 8(internal citations omitted). Four factors guide the inquiry:

> [F]irst to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b); *see also Olympic Mills,* 477 F.3d at 8.

Rule 19 furthers several related interests, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them, and the plaintiff's interest in having an appropriate forum. *Provident Tradesmens Bank,* 390 U.S. at 108–110, 88 S.Ct. 733; *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.,* 668 F.2d 76, 78

---

**14.** *See Merrill Scott & Assocs. v. Concilium Ins. Servs.,* 253 Fed.Appx. 756 (10th Cir. 2007).

**15.** "If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether in equity and good conscience the

action should proceed among the parties before it." *Z & B Enters. v. Tastee–Freez Int'l, Inc.,* 162 Fed.Appx. 16, 18 (1st Cir.2006)(citing Fed.R.Civ.P. 19(b)); *see also Merrill Lynch & Co. v. Allegheny Energy, Inc.,* 500 F.3d 171, 180 (2d Cir.2007).

(1st Cir.1982). A review of the factors and interests outlined above leads us to the conclusion that Arturo Martinez is not an indispensable party. The Court will consider the aforementioned factors and interests in turn.

Pursuant to the Engagement Contract, Martinez and Morgalo was responsible for paying Plaintiff. However, Arturo Martinez's absence does not subject Defendant to sole responsibility for the liability that Defendant shares with Martinez and Morgalo. Robert Morgalo and Martinez, Morgalo and Associates, Inc. will be joined and said parties could be found to be jointly and severally liable to Plaintiff. Therefore, this Court finds that the prejudice that Defendant would suffer if Arturo Martinez joinder is precluded is minimal.

The first factor feeds into the second and third factors, whether an existing prejudice can be lessened, and whether a judgment in Martinez and Morgalo's absence would be adequate. *See B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.,* 472 F.Supp.2d 128, 132 (D.P.R.2006). It is not apparent how this Court could lessen the prejudice that Defendant would suffer from Martinez and Morgalo's absence. Nonetheless, a judgement in Arturo Martinez absence could be adequate because it could provide Plaintiff with the $115,000 he requests or find that Defendant or any of the parties to be joined are not responsible for the payment of said amount. Furthermore, if Plaintiff were to prevail there is no concern that Defendant will be forced to share sole responsibility for a liability that he shares with Martinez and Morgalo because Robert Morgalo and Martinez, Morgalo and Associates, Inc. will be joined

to the present case. *See Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,* 312 F.3d 82, 88 (2d Cir.2002).[16]

Finally if we were to dismiss the present case for nonjoinder, Plaintiff could file the present complaint in the Commonwealth Courts. However, one of the most important interests promoted by Rule 19 is Plaintiff's interest in having an appropriate forum. It is well established that a "plaintiff's choice of forum" should rarely be disturbed. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 635 (1st Cir. 2001). Jurisdiction in this case is premised on diversity. One of the primary purpose of diversity jurisdiction is to shield foreign parties from the prejudice they might face as outsiders in state court. *Diaz–Rodriguez v. Pep Boys Corp.,* 410 F.3d 56, 61 (1st Cir.2005). All of the parties in the present case are foreign. As such, this Court is the appropriate forum to attend the claims brought forth by Plaintiff. Thus, we find that the case at bar is not one of those instances where this Court should meddle with Plaintiff's choice of forum.

Finally, as previously mentioned, Martinez and Morgalo are co-obligors. Well established precedent holds "that co-obligors generally are not indispensable parties in contract disputes that do not involve reformation, cancellation, rescission, or otherwise challenge the validity of the contract." *Olympic Mills,* 477 F.3d at 10. The present case is a breach of contract claim requesting damages. The validity of

---

**16.** In granting relief and depending on the outcome, the Court could also protect the rights of the defendants to recover a proportionate share from Arturo Martinez. It could also safeguard Arturo Martinez's right to set up any defenses it could have arising from the business venture. *See* Fed.R.Civ.P. 19(b)(The Court may lessen the prejudiced that results from the non-joinder of another party through protective provisions in the judgment, by the shaping of relief, or through other measures).

217

the Engagement Contract is not being challenged.

This Court finds that the general principle that requires respect for Plaintiff's choice of forum outweighs the prejudice that Defendant will suffer from Arturo Martinez's absence. Furthermore, under the present scenario, Arturo Martinez is co-obligor. Thus, this Court finds that Arturo Martinez is not an indispensable party.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motions to Dismiss. (Docket Nos. 12, 13). Nonetheless, Robert Morgalo and Martinez, Morgalo and Associates, Inc. shall be joined to the present case. Plaintiff shall take the appropriate steps to issue summons as to Robert Morgalo and Martinez, Morgalo and Associates, Inc.

IT IS SO ORDERED.